UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SALLY SPINOSA,<br><br>　　　　　　　　*Defendant.* | Protective Order<br><br>21-CR-206 (PAE) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1.　　**Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2.　　**Sensitive Disclosure Material.** Discovery materials which contain and/or reflect personal identification information of witnesses and other third parties (including but not limited to health information, social security numbers, dates of birth, and contact information) produced by the Government in this action pursuant to its discovery obligations are deemed "sensitive disclosure material," and will be labeled as such or as Confidential in the index produced with the discovery materials.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material and sensitive disclosure material without further litigation or the need for redaction. It will also afford the defendant prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendant or defense counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

(a) the defendant for review for purposes related to this case. The defendant may not disclose disclosure material except as set forth herein.

(b) the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

(ii) independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

(iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

7. The defendant and her counsel shall provide a copy of this Order to Designated Persons to whom they disclose disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order. Any successor defense counsel shall sign a copy of this Order before receiving discovery from prior defense counsel or the Government and shall be subject to the terms of this Order.

8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Sensitive Disclosure Material

10. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date:  March 30, 2021
Kedar S. Bhatia / Catherine E. Ghosh
Assistant United States Attorneys


SALLY SPINOSA
Defendant

by: _____     Date:  **March 30, 2021**
John Meringolo, Esq.
Counsel for Sally Spinosa


SO ORDERED:

Dated: New York, New York
       March  30 , 2021

_____
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

The Clerk of Court is requested to terminate the motion at Dkt. No. 18.

4